UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW J. H.,

                         Plaintiff,

v.                                                          1:20-CV-1017
                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      KENNETH HILLER, ESQ.
  Counsel for Plaintiff                             MELISSA KUBIAK, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 NAHID SOROOSHYARI, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

       The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 14.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.     RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born in 1982.  (T. 186.)  He completed high school.  (T. 599.)

Generally, Plaintiff's alleged disability consists of hearing loss, psoriasis, back injury,

arthritis, speech impairment, and immune deficiency from history of cancer.  (T. 187.)

His alleged disability onset date is September 15, 2012.  (T. 186.)  His date last insured

is March 31, 2015.  (*Id*.)  His past relevant work consists of bakery helper, motor

assembler, floor waxer, industrial cleaner, and road freight brake coupler.  (T. 596.)

### B.      Procedural History

On August 22, 2013, Plaintiff applied for Disability Insurance Benefits ("SSD")

under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social

Security Act.  (T. 187.)  Plaintiff's applications were initially denied, after which he timely

requested a hearing before an Administrative Law Judge ("the ALJ").  On February 23,

2016, Plaintiff appeared before the ALJ, Bryce Baird.  (T. 137-185.)  On October 7,

2016, ALJ Baird issued a written decision finding Plaintiff not disabled under the Social

Security Act.  (T. 88-105.)  On November 13, 2017, the AC denied Plaintiff's request for

review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-7.)

Thereafter, Plaintiff timely sought judicial review in this Court.  On December 4, 2018,

the parties stipulated to remand for further administrative proceedings.  (T. 706.)  On

May 24, 2019, the AC remanded the case back to the ALJ.  (T. 707-711.)

On February 7, 2020, Plaintiff again appeared before ALJ Baird.  (T. 587-628.)

On April 3, 2020, ALJ Baird issued a written decision finding Plaintiff not disabled under

the Social Security Act.  (T. 561-583.)  Plaintiff again timely sought judicial review in this

Court.

###### C.    The ALJ's 2020 Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 566-577.)  First, the ALJ found Plaintiff met the insured status requirements through June 30, 2017 and Plaintiff had not engaged in substantial gainful activity since September 15, 2012.  (T. 566.)  Second, the ALJ found Plaintiff had the severe impairments of: degenerative disc disease of the lumbar spine; hearing loss; adjustment disorder; psoriasis; psoriatic arthritis; and torn meniscus of the left knee. (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 567-569.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b); except:

> he can lift and carry 20 pounds occasionally and 10 pounds frequently.  He can sit for up to 6 hours in an 8-hour day, and he can stand or walk for up to 6 hours in an 8-hour day.  He can occasionally climb ramps or stairs but can never climb ladders, ropes, or scaffolds.  He can never crawl but can occasionally stoop, kneel, or crouch.  He can frequently handle and finger objects bilaterally.  He is limited to work where fine hearing capability and frequent verbal communication are not required.   He can work in environments with up to a loud noise environment, as the term "loud" is defined in the selected characteristics of occupations, and appendix to the dictionary of occupational titles.  He can never be exposed to excessive vibration or to hazards, such as unprotected heights or moving machinery. He is limited to simple, routine tasks that can be learned after short demonstration or within 30 days.  He will be off-task up to 5 percent of the workday, in addition to regular breaks.  He can have occasional interaction with co-workers and with the public.

(T. 569-570.)[1]  Fifth, the ALJ determined Plaintiff was unable to perform his past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 575-576.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues the ALJ improperly relied on mischaracterization, cherry-picking, and inconsistent reasoning to reject the 2019 disability-supporting opinion of consultative examiner, Hongbiao Liu, M.D.  (Dkt. No. 11 at 20-24.)  Second, and lastly, Plaintiff argues the RFC determination is the product of the ALJ's lay judgment and not supported by substantial evidence.  (*Id*. at 24-28.)  Plaintiff also filed a reply in which he reiterated his original arguments.  (Dkt. No. 13.)

### B.   Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ reasonably weighed the opinions of Dr. Liu.  (Dkt. No. 12 at 11-14.)  Second, and lastly, Defendant argues the ALJ reasonably assessed an RFC based on the record as a whole, including Dr. Liu's opinion.  (*Id*. at 14-20.)

## III.   RELEVANT LEGAL STANDARD

### A.   Standard of Review

---

[1]      Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§ 404.1567(b), 416.967(b).

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and

despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

### A.  Consultative Examiner Hongbiao Liu, M.D.

Plaintiff argues the ALJ improperly relied on "mischaracterizations, cherry-picking, and inconsistent reasoning to reject the 2019 disability supporting opinion of Dr. Liu." (Dkt. No. 11 at 20.)  For the reasons outlined below, Plaintiff's argument fails.  The

ALJ properly assessed Dr. Liu's opinion and substantial evidence supported the ALJ's assessment.

The relevant factors considered in determining what weight to afford an opinion include the length, nature and extent of the treatment relationship, relevant evidence which supports the opinion, the consistency of the opinion with the record as a whole, and the specialization (if any) of the opinion's source.  20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6)[2].

On August 19, 2019, Dr. Liu performed a consultative examination, provided a medical source statement, and completed a "Medical Statement of Ability to do Work-Related Activities (Physical)" form.  (T. 1139-1150.)  On examination, Plaintiff appeared to be in no acute distress, had slurred speech, could keep normal conversation, occasionally needed questions repeated, and had a mildly elevated voice with one left side hearing aid.  (T. 1141.)  Dr. Liu observed "moderate difficulty" to hear finger rub or forced whisper in bilateral ears, right side worse than left.  (*Id*.)

Dr. Liu observed Plaintiff waked with a limp to the left side, could walk on heels and toes with "moderate difficulty" due to low back and knee pain, could squat 50%, had normal station, and used no assistive device.  (T. 1141.)  Dr. Liu observed Plaintiff's left 2nd finger had swelling with decreased flexion.  (*Id*.)  Plaintiff had "mild decreased ability to hold, zip, button, tie and perform fine manipulation with the left hand."  (*Id*.)  Plaintiff's right hand was described as "normal."  (*Id*.)  Plaintiff had 5/5 grip strength in right hand

---

[2]      Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

and 4/5 in left hand.  (*Id*.)  Plaintiff had full range of motion of shoulders, elbows,

forearms, wrists, and fingers bilaterally.  (*Id*.)  Plaintiff's upper extremities had no joint

inflammation, effusion, or instability; full strength; no atrophy; no sensory abnormality;

and reflexes were physiologic and equal.  (T. 1141-1142.)

In his examination of Plaintiff's thoracic and lumbar spines, Dr. Liu observed

flexion 60 to 70 degrees, lateral flexion left and right 20 degrees, and rotation left and

right 20 degrees.  (T. 1142.)  Plaintiff exhibited no tenderness or spasm.  (*Id*.)  On

examination, Dr. Liu observed positive straight leg raise test.  (*Id*.)  Dr. Liu observed

Plaintiff had full range of motion in his hips and ankles bilaterally.  (*Id*.)  Plaintiff also had

full muscle strength, no muscle atrophy, no sensory abnormality, physiologic and equal

reflexes, and no joint effusion, inflammation, or instability.  (*Id*.)

In a medical source statement, Dr. Liu opined Plaintiff:

> has mild to moderate limitations for prolonged walking, bending, squatting,
> lifting, carrying and overhead reaching with the left hand, normal with the
> right hand.  [Plaintiff] has mild to moderate limitations for prolonged walking,
> stair climbing, prolonged sitting or standing.  [Plaintiff] has mild limitations
> for fine manipulation using the left hand such as to zip, button and tie.
> [Plaintiff] has moderate limitations for any activities requiring acute auditory
> accuracy due to the hearing impairment.

In addition to his examination and medical source statement, Dr. Liu

completed a "Medical Statement of Ability to do Work-Related Activities

(Physical)" form.  (T. 1144-1149.)  In this form, Dr. Liu indicated Plaintiff could

occasionally lift and carry up to ten pounds and never lift and carry over 11

pounds.  (T. 1144.)  Dr. Liu wrote Plaintiff had left hand limitations and his right

hand was normal.  (*Id*.)  Dr. Liu noted left hand limitations were due to "2nd finger

swelling tender."  (*Id*.)

Dr. Liu opined Plaintiff could sit for 30 minutes at one time, stand for 30 minutes at one time, and walk for one hour at a time without interruption.  (T. 1145.)  Dr. Liu opined Plaintiff could sit for a total of two hours, stand for a total of two hours, and walk for a total of four hours in an eight-hour workday.  (*Id*.)  When asked to identify findings to support his assessment, Dr. Liu noted Plaintiff walked with a left sided limp and had limited motion in back and both knees.  (*Id*.)

Dr. Liu indicated Plaintiff could continuously reach overhead and in all directions with both hands.  (T. 1146.)  Dr. Liu indicated Plaintiff could continuously handle, finger, and feel with his right hand and occasionally handle, finger, and feel with his left hand.  (*Id*.)  Plaintiff could push/pull frequently with his right hand and occasionally with his left.  (*Id*.)  Dr. Liu opined Plaintiff could occasionally: climb stairs and ramps; balance; stoop; and kneel.  (T. 1147.)  Plaintiff could never: climb ladders or scaffolds; crouch; or crawl.  (*Id*.)  Plaintiff's postural limitations were due to limited motion in both knees, lower back, and left 2nd finger.  (*Id*.)  Lastly, Dr. Liu opined Plaintiff suffered from hearing loss; however, Plaintiff retained the ability to hear and understand simple oral instructions and to communicate simple information and use a telephone.  (T. 1147.)

Dr. Liu noted Plaintiff could: shop; travel without a companion; ambulate without an assistive device; walk a block at a reasonable pace on rough or uneven surfaces; use public transportation; climb a few steps at a reasonable pace with the use of a single hand rail; prepare a simple meal and feed himself; care of his personal hygiene; and sort, handle, and use paper files.  (T. 1149.)

The ALJ afforded Dr. Liu's 2019 opinion "little weight."  (T. 574.)  The ALJ reasoned, Dr. Liu based his opinion on a single examination and his narrative statement of "mild to moderate" limitations was inconsistent with the checkbox assessment indicating "far greater limitations."  (*Id*.)  The ALJ further reasoned the opined sedentary limitations were inconsistent with Plaintiff's longitudinal treatment history, such as "often noted" normal gait and 5/5 strength, lack of distress, and conservative treatment history.  (*Id*.)

First, Plaintiff argues the ALJ in erred in "rejecting" Dr. Liu's opinion based on inconsistent reasoning that the doctor only examined Plaintiff on one occasion.  (Dkt. No. 11 at 21.)  Plaintiff argues the ALJ's reasoning "reeks of outcome determinativeness" because the ALJ used to same reasoning to support his determination to afford Dr. Liu's 2013 opinion "partial weight."  (*Id*.)  Plaintiff's argument fails.

As an initial matter, contrary to Plaintiff's assertion, the ALJ did not "reject" Dr. Liu's 2019 opinion.  (Dkt. No. 11 at 21.)  The ALJ afforded the opinion "some weight."  (T. 574.)  Indeed, as outlined further herein, many of the doctor's opined limitations are consistent with the ALJ's RFC determination for a reduced range of light work.

A review of the ALJ's decision indicates the ALJ correctly noted Dr. Liu provided each of his opinions after examining Plaintiff one time.  (T. 574.)  The ALJ proceeded to provide additional reasoning to support his weight determinations, such as consistency with other evidence in the record.  (*Id*.)

Therefore, the ALJ's acknowledgment that the doctor examined Plaintiff once before providing each opinion does not reek of outcome determinativeness.

Second, Plaintiff argues the ALJ's conclusion, that Dr. Liu's 2019 opinion was internally inconsistent and inconsistent with the longitudinal treatment history, was based on impermissible cherry-picking and a mischaracterization of the record.  (Dkt. No. 11 at 22.)  In support of his assertion Plaintiff provides an alternative reading of the record and argues Dr. Liu's narrative statement and RFC form limitations are consistent.  (*Id.*)  A review of the ALJ's decision and Dr. Liu's opinions does not support Plaintiff's argument that the ALJ cherry-picked or mischaracterized the record.  The ALJ accurately summarized the limitations provided by Dr. Liu in both his narrative and RFC form and did not misstate the record to support his determination.  (T. 574.)

Additionally, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.  *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)  Plaintiff fails to prove that no reasonable mind would be compelled to reach a different conclusion than the ALJ.

Third, Plaintiff argues the ALJ erred in concluding Dr. Liu's 2019 opinion was inconsistent with Plaintiff's treatment history because evidence in the record, specifically findings of swelling in a finger on his left hand, supported Dr. Liu's opinion.  (Dkt. No. 11 at 23.)  Plaintiff's argument fails because none of the evidence Plaintiff argues the ALJ overlooked was significantly more favorable to him than the evidence that the ALJ considered.  *Grega v. Saul*, 816 F. App'x 580, 582 (2d Cir. 2020).

In support of his argument, Plaintiff cites evidence from 2016 and 2017 during which time Plaintiff complained of joint pain, labs for the "possibility" of rheumatoid arthritis, and emergency room treatment.  (Dkt. No. 11 at 23.)  The ALJ properly considered Plaintiff's psoriasis which caused joint pain and positive findings on examination, such as synovitis in his hands.  (T. 571.)  However, the ALJ further noted despite finding on examination of synovitis, Plaintiff displayed no significant swelling, full strength, and full range of motion.  (*Id.*)  Notations from both examinations indicated Plaintiff had synovitis in his fingers; however, he had no joint swelling, thickening or tenderness.  (T. 1004, 1008.)  He exhibited full strength and range of motion in his upper extremities.  (*Id.*)  Notations indicated Plaintiff had not started medication.  (T. 1004.)  In 2019, a provider observed synovitis in a "PIP joint."  (T. 1186.)  Plaintiff's provider noted he was "in a flare" due to delayed treatment.  (*Id.*)  The provider further noted during the visit Plaintiff had full strength and range of motion in his upper extremities.  (T. 1185.)  Despite offering evidence in the record which Plaintiff claims supports his conclusion, Plaintiff fails to prove that no reasonable factfinder could have

reached the ALJ's decision.  Here, the ALJ considered evidence of positive findings on examination; however, the ALJ came to a different conclusion.

Overall, the ALJ properly assessed Dr. Liu's 2019 opinion and substantial evidence supported the ALJ's weight determination.  Although Plaintiff asserts the ALJ relied on a misreading of the record and impermissible cherry-picking, a reading of the ALJ's decision and the record fails to support Plaintiff's assertion.

### B.  Physical RFC Determination

Plaintiff argues the ALJ's RFC determination was the product of the ALJ's lay judgment and not supported by substantial evidence.  (Dkt. No. 11 at 24-29.)[3]  Here, the ALJ's physical RFC was proper and supported by substantial evidence in the record.

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c); 416.927(d), 416.945(a)(3), 416.946(c).  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.  *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c), 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

In general, the ALJ is obligated to formulate Plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone.  *Trepanier v. Comm'r of Soc. Sec.*

---

[3]   Neither party disputes the ALJ's mental RFC determination; therefore, the ALJ's mental RFC determination will not be discussed.

*Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018).  Further, substantial evidence is evidence that "a reasonable mind might accept as adequate to support" a conclusion.  *Biestek,* 139 S. Ct. at 203.

First, Plaintiff argues the ALJ's assessment of Plaintiff's RFC "must include a function-by-function analysis."  (Dkt. No. 11 at 24.)  Plaintiff's argument fails.  The Second Circuit has held that the failure to explicitly engage in a function-by-function analysis as part of the RFC assessment does not constitute a *per se* error requiring remand.  *Cichocki v. Astrue,* 729 F.3d 172, 174 (2d Cir. 2013).

Second, Plaintiff argues the ALJ declined to give controlling or even substantial weight to any of the medical opinions related to Plaintiff's physical impairments and therefore the RFC was based on the ALJ's" own surmise."  (Dkt. No. 11 at 24-25.) Plaintiff's argument fails.

An ALJ's RFC determination is not fatally flawed merely because it was formulated absent a medical opinion.  As stated in the regulations, An RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).  It is the responsibility of the ALJ to determine Plaintiff's RFC based on all of the evidence in the record, including but not limited to, statements provided by medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c), 416.927(d), 416.945(a)(3), 416.946(c).

In addition, the Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017) (internal quotations

14

and citation omitted); *see Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole.").  Therefore, Plaintiff's assertion that the ALJ's RFC determination was the product of legal error because the ALJ did not afford controlling or substantial weight to a medical opinion is without merit.

Third, Plaintiff argues Dr. Liu's 2013 opinion was too vague to support the ALJ's RFC.  (Dkt. No. 11 at 26.)  To be sure, Dr. Liu's 2019 RFC form provided a more detailed opinion of Plaintiff's functional limitations; however, Dr. Liu's 2013 opinion was not too vague to render it useless.  Further, although the ALJ afforded Dr. Liu's 2013 opinion "partial weight," the ALJ did not rely on this opinion alone in formulating Plaintiff's RFC.

In general, a consultative examiner's opinion may constitute substantial evidence to support a determination if otherwise supported by the record.  *Grega v. Saul*, 816 F. App'x 580, 582-583 (2d Cir. 2020).  Further, terms such as mild and moderate are not impermissibly vague, particularly where conclusions are well supported by an extensive examination or rendered more concrete by other facts and evidence in the record. *Tammy C.-J. v. Comm'r of Soc. Sec.*, 523 F.Supp.3d 368, 377 (W.D.N.Y. Feb. 26, 2021) (internal citations omitted).

Here, the ALJ's physical RFC is supported by the record as a whole.  Although the ALJ afforded Dr. Liu's 2019 "little weight," his RFC for a reduced range of light work was not wholly inconsistent with the doctor's opinion.  Consistent with Dr. Liu's 2019

opinion, the ALJ limited Plaintiff to standing and/or walking a total of six hours in an eight-hour day; occasional climbing of ramps or stairs; no climbing ladders, ropes, scaffolds; and never crawling.  (T. 569-570, 1147.)  The ALJ's exertional limitations were further supported by evidence in the record such as objective observations of normal gait, full strength, and full range of motion in extremities.  (T. 571-572.)

Based on the record as a whole, the ALJ concluded Plaintiff could lift and carry up to 20 pounds occasionally and 10 pounds frequently, and frequently handle and finger bilaterally.  (T. 569.)  In 2013, Dr. Liu observed full strength in upper extremities, full hand and finger dexterity, and 5/5 grip strength.  (T. 517.)  In 2019, Dr. Liu opined Plaintiff had "mild to moderate" limitations for lifting, carrying and reaching with the left hand and normal with right hand.  (T. 1142.)  He further opined Plaintiff had moderate limitations for fine manipulation with the left hand.  (*Id*.)  In his RFC form, Dr. Liu indicated Plaintiff was limited to occasionally lifting and carrying up to ten pounds with his left upper extremity.  (T. 1144.)  Dr. Liu opined Plaintiff could occasionally handle, finger, and feel with his left hand and was unlimited with his right hand.  (T. 1146.)  In addition, as outlined herein, the ALJ relied on objective findings in the record that Plaintiff had full strength and range of motion in his upper extremities.  (T. 571.)  Therefore, the ALJ properly relied on substantial evidence in the record to support his determination that Plaintiff retained the ability to perform the lifting, carrying, and manipulative limitations as outlined in his RFC.

In formulating Plaintiff's physical RFC, the ALJ properly weighed and considered other medical opinions in the record in addition to Dr. Liu's opinions.  (T. 574.)  The ALJ afforded "little weight" to the statements of Daniel Trock, M.D. that Plaintiff could not

walk or stand for "prolonged periods."  (T. 446, 574.)  Further, the ALJ considered the

opinion of independent medical examiner, Gregory Shankman, M.D.  (T. 574.)  In 2011,

Dr. Shankman opined Plaintiff could lift and carry fifty pounds or less, could not climb

heights, perform rapid or repetitive motions with his back, work in cramped or confined

positions, and would need to sit and stand at will.  (T. 461-463.)  The ALJ afforded Dr.

Shanlunan's opinion some weight.  (T. 575.)  The ALJ's RFC was consistent with, or

more restrictive, than Dr. Shankman's opined limitations.  In addition, the ALJ provided

reasoning for not adopting the doctor's opinion that Plaintiff required a sit/stand option.

(*Id*.)

Lastly, the ALJ relied on Plaintiff's testimony of activities of daily living.  (T. 573.)

The ALJ noted Plaintiff was able to perform personal care, cook, clean, do laundry,

shop, manage funds, and drive.  (*Id*.)  The ALJ properly relied on Plaintiff's activities as

a factor in his evaluation of the medical opinion evidence and in formulating his RFC.

*Ann C. v. Comm'r of Soc. Sec.*, No. 6:19-CV-904, 2020 WL 4284132, at *10 (N.D.N.Y.

July 24, 2020), *aff'd sub nom. Cuda v. Comm'r of Soc. Sec.*, No. 20-2819, 2021 WL

4887993 (2d Cir. Oct. 20, 2021).

Overall, the ALJ properly assessed Plaintiff's physical RFC based on the record

as a whole.  The RFC finding an administrative finding, not medical, and its

determination is within the province of the ALJ.  20 C.F.R. §§ 404.1527(d)(2),

416.927(d)(2); *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021).

The ALJ considered the medical and other evidence in the record in making a physical

RFC determination, provided a proper analysis of the evidence in the record, and

provided sufficient analysis to permit the Court to meaningfully review the decision.
Therefore, the ALJ's determination is upheld.

**ACCORDINGLY**, it is

ORDERED that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

ORDERED that Defendant's unfavorable determination is **AFFIRMED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:        October 28, 2021

William B. Mitchell Carter
U.S. Magistrate Judge